UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ANDREW MYLES LENZE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 21-115-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| J. GILLEY, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Petitioner and federal inmate Andrew Myles Lenze has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the determination made by the Bureau of Prisons ("BOP") that he is not eligible for Earned Time Credits ("ETC") available under the First Step Act. [Record No. 6] By prior Order, the Court conducted a preliminary review of Lenze's petition and directed the Respondent warden to file a response. [Record No. 8] The matter has now been fully briefed. [Record Nos. 13 and 19] Lenze's motion will be denied because the BOP has correctly determined that he is ineligible for ETC.

In November 2017, a federal grand jury sitting in the United States District Court for the Eastern District of Missouri issued a one-count Indictment charging Lenze with knowingly and intentionally distributing heroin in violation of 21 U.S.C. §§ 841(a) and 2, the use of which resulted in the death of J.C. The offense was punishable under 21 U.S.C. § 841(b)(1)(C). *United States v. Lenze*, 4:17-cr-548-AGF-1 (E.D. Mo.) at Record No. 2 (Redacted Indictment). Pursuant to a written plea agreement with the United States, Lenze pled guilty to the sole count

of the Indictment in August 2018. *Id*. at Record No. 40. In December 2018, he was sentenced to a term of imprisonment of 180 months. *Id*. at Record No. 60 (Judgment).

Lenze now claims that the BOP has improperly concluded that he is ineligible to earn ETC under the First Step Act. [Record No. 6] The First Step Act ("FSA"), Publ. L. No. 115-015, 132 Stat. 015 (2018), includes a provision directing the Attorney General to develop a new "risk and needs assessment system" (referred to as the "System") to provide appropriate programming for prisoners in an effort to reduce the risk of recidivism. 18 U.S.C. § 3632. The System is also required to provide incentives and rewards for prisoners to participate in the "evidence-based recidivism reduction" ("EBRR") programming, including additional time credits to be applied toward time in pre-release custody or supervised release, thus allowing eligible prisoners to be placed in prerelease custody (i.e., home confinement or a Residential Reentry Center) earlier than previously allowed. *See* 18 U.S.C. § 3632(d)(4).

But not all prisoners are eligible to earn the ETC available under the FSA. Pursuant to § 3632(d)(4)(D)(lviii):

> A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
>
> […]
>
> (lviii) Section 401(a) of the Controlled Substances Act (21 U.S.C. § 841), relating to manufacturing or distributing a controlled substance in the case of a conviction for an offense described in subparagraph (A), (B), or (C) of subsection (b)(1) of that section for which death or serious bodily injury resulted from the use of such substance.

18 U.S.C. § 3632(d)(4)(D)(lviii). Because Lenze was convicted of distributing heroin in violation of 21 U.S.C. §§ 841(a) and 2, the use of which resulted in the death of J.C., making the offense punishable under 21 U.S.C. § 841(b)(1)(C), the clear and unambiguous terms of

18 U.S.C. § 3632(d)(4)(D)(lviii) specifically preclude him from earning the ETC potentially available under the FSA.

While Lenze argues that his crime of conviction is not listed as a disqualifying offense, this argument is belied by the language of the sole count of the Indictment (to which he pled guilty), which specifies that a death resulted from the use of the heroin distributed by Lenze, making his offense punishable under 21 U.S.C. § 841(b)(1)(C). *United States v. Lenze*, 4:17-cr-548-AGF-1 (E.D. Mo.).  In addition, according to Respondent, the Presentence Investigation Report ("PSR") prepared by the United States Probation Office prior to Lenze's sentencing notes that Lenze and the government agreed that the United States Sentencing Guidelines Total Offense Level analysis had been applied and the Base Offense Level would be 38, as found in U.S.S.G. § 2D1.1(a)(2) of the 2016 Sentencing Guidelines Manual.  [*Id.*] Section 2D1.1 provides for a Base Offense Level of 38 if the defendant is convicted under 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), or (b)(1)(C), and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance.  *See* U.S.S.G. § 2D1.1(a)(2).  The Respondent also states that, in the PSR, Lenze agreed that the heroin was the "but for" cause of the death of J.C.  [Record No. 13 at p. 3]

While the Respondent has failed to provide the Court with a copy of the PSR for its review, Lenze does not dispute the characterizations of the contents of the PSR in his reply. [Record No. 19]  Rather, he simply claims that there is a "defined difference" between a conviction under 21 U.S.C. § 841(b)(1)(C) and § 841(b)(1)(C) resulting in death or serious bodily harm and that he pled guilty to a "lesser charge." [*Id.*]  However, the claim that he pled guilty to a "lesser charge" is supported only by Lenze's own self-serving characterization of his plea and is, in fact, directly contradicted by the clear language of the Indictment to which

he pled guilty (which is available for the Court's review), which charged him with distributing heroin that resulted in the death of J.C., punishable by 21 U.S.C. § 841(b)(1)(C). Thus, the Court concludes that Lenze's argument that he falls outside the group of prisoners precluded from earning ETC by 18 U.S.C. § 3632(d)(4)(D)(lviii) is without merit.

In summary, the BOP has correctly determined that Lenze is ineligible for ETC under the exclusion provided by 18 U.S.C. § 3632(d)(4)(D)(lviii). Accordingly, it is hereby

**ORDERED** as follows:

1. Lenze's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [Record No. 6] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: November 5, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky